### THOMAS A. McGILL, ET AL. *v.* FRANK FRAIZE, ET AL.

**Sheriffs—Bonds and Duties of Deputy.**

> It is the duty of the sheriff to collect and pay over the state revenue and county taxes due from the taxpayers of the county; and where he appoints a deputy, and such deputy gives a bond to his principal, conditioned that he will collect and pay over such revenues, and he fails to do so, it is no defense in a suit on such bond that the taxpayers from whom he had not collected were solvent, and required his principal to collect the same. The covenants of such deputy's bond required him to collect the taxes, and where he failed to do so he and his bondsmen are liable on such bond.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

June 13, 1877.

OPINION BY JUDGE LINDSAY:

The covenant or obligation sued on in this action is to be construed in the light of the circumstances surrounding the parties when it was executed and accepted.

Fraize, being the sheriff of Breckinridge County, was by law bound to collect and pay over the state revenue and county tax due from the taxpayers of that county. His duty to collect and pay over all taxes due from solvent taxpayers was absolute and unqualified. He had no election in the matter, and when the time to account for the taxes arrived he was compelled to pay, whether he had or not made collection, under penalty of the severest nature. He employed McGill as his deputy, and the bondsmen of this deputy undertook that he should well and truly discharge all the duties of his office, and pay over to such persons, and at such times as they might respectively be entitled to the same, all moneys that might come to his hands as such deputy, either by execution, revenue or county levy tax, otherwise, that they would indemnify his principal.

The duty he undertook to discharge relative to the revenue tax

and county levy, was that he would collect them within the times prescribed by law, and hold Fraize harmless by paying them over to the parties entitled to the same. It is admitted he failed to discharge the duties, and that Fraize was compelled to pay over the amount of these taxes, although his deputy had failed to collect them, but appellants insisted that the non-paying taxpayers are solvent and that Fraize may still collect from them, and thus indemnify himself, and hence that no judgment should go against them except for the additional trouble and expense devolved on Fraize by the negligence of the deputy, and possibly such interest as he may have been compelled to pay for money borrowed to meet his liabilities to the state and county. If these taxpayers are solvent no hardship will result to McGill in compelling him to collect from them, and thus to perform the obligations of his contract, instead of shifting its performance on Fraize. It certainly was not contemplated by the parties that McGill could or could not discharge his undertaking to collect at will, and then upon failure relieve himself from responsibility by surrendering the uncollected tax lists. It was expected he should, as to all such lists placed in his hands, take the place, discharge the duties and assume the responsibilities of the principal sheriff, and Fraize has the right to demand that the contract as thus understood shall be carried out.

Should the construction of the covenant contended for by appellants be adopted, the principal sheriff would at all times be completely at the mercy of his deputies. To surrender the tax lists and impose on Fraize the duty of making the collection, is not to indemnify him. It is to impose upon him a hardship and a duty against which he expressly contracted.

The court below construed the covenant, as we think, properly. It was no fraud in Fraize to accept, as payments on the taxes of 1870, collections made by McGill out of the uncollected taxes of 1869. It was no business of his to inquire as to the sources from which McGill obtained the money to make payments under his contract of 1870. Fraize, as he had the right to do, recognized the right of McGill to collect and appropriate the uncollected taxes of 1869. He at no time released him from his obligation to collect these taxes, and it was the business of McGill's bondsmen, and not of Fraize, to see that he did not misappropriate the funds which ought to have been applied for their benefit.

In this view of the law it is evident the verdict and judgment are

31

fully sustained by the pleadings and that the court below committed no error either in giving or refusing instructions.

Judgment *affirmed*.

*Williams & Brown, J. G. Haswell, for appellants.*

*A. J. James, Kincheloe & Eskridge, for appellees.*